# C. A. NOETZELMAN v. HARRY K. WEBB AND OTHERS.[1]

November 25, 1938.

No. 31,879.

[1]Reported in 283 N. W. 481.

*William R. Mitchell,* for appellant.

*Duxbury & Roerkohl* and *F. E. Withrow,* for respondent.

LORING, JUSTICE.

Plaintiff recovered a verdict for personal injuries sustained by falling upon a hummock or ridge of ice formed by the discharge from a waterspout upon the sidewalk adjacent to an oil station which he alleged was operated and controlled by the defendant Webb in the city of La Crosse, Wisconsin. Directed verdicts were granted in favor of the defendants Sprague and Olson, leaving the defendant Webb, who was doing business under the trade name of the Webb Oil Company, as the sole defendant. He will hereafter be referred to as the defendant. From the order denying his motion for judgment or a new trial this appeal is taken.

Olson, who was general manager of Webb's station at Winona and of the distribution of Webb's products within a radius of 50 miles, negotiated with Sprague for the lease of the oil station at La Crosse to O. E. Vittum September 3, 1932, for a term of five years. The lease was kept with many similar ones at the Winona office. Under this lease the lessor had no right or obligation to enter for the purpose of making repairs or changes of any kind. The waterspout which was the cause of plaintiff's injury was installed after the lease was consummated. Webb bought the service station equipment and turned it over to Vittum on a conditional sales contract. Vittum operated the station for only about four months and thereafter Olson got others to run it, and Webb's products were sold at the station, which was painted and decorated like other Webb Oil Company stations. The Webb Oil Company paid the rent to Sprague from July 1, 1935, and Olson caused an application to be made to the city of La Crosse in the name of the Webb Oil Company for license to operate the station. Henry Wetchen was in charge of the station when the accident happened to the plaintiff. Wetchen made his arrangements with Olson at the Webb plant at

Winona, and Webb added one cent a gallon to the price of the gasoline delivered to Wetchen as a rental charge. It in turn paid Sprague the rent due him under the Vittum lease which it held in its possession.

The questions presented by the appellant are: (1) As agent or employe of the Webb Oil Company was William Olson authorized or empowered to lease, occupy, or control the automobile service station at La Crosse? (2) Did William Olson have sufficient possession or control of the Sprague property to make the Webb Oil Company responsible for the injuries sustained by the respondent? (3) Did the trial court err during the trial, and, if so, were these errors of sufficient nature to warrant the granting of a new trial? (4) Was the verdict of the jury excessive? (5) Is there a sufficient showing of accident and surprise to warrant the granting of the appellant's motion for a new trial?

The important question here is whether the Webb Oil Company was in fact in possession of the station at the time of the accident. If Webb was in possession, it was by virtue of the acts of Olson. It may be conceded that the written contract between Olson and Webb did not give Olson authority to occupy or control the service station at La Crosse, but if Olson assumed to act for Webb in doing the things that he did do in connection with the station, and the character of the occupancy and the method of handling the situation were so continuous as to justify a reasonable inference that Webb had knowledge of them and would not have permitted them if unauthorized, the jury were justified in finding that Webb was occupying the station. That Olson assumed to act for Webb is conclusively shown by the record. He handled the distribution of oil in Webb's name and applied for a license to operate this station in the name of the Webb Oil Company. He made the arrangements for people to run the station from time to time. He caused sales to be made from the station in the name of the Webb Oil Company. He kept possession of the lease and conditional sales contract covering the fixtures which Webb bought and sold to Vittum. Vittum soon gave up the station, and Olson arranged for other men to operate it and use these fixtures, amongst them

Wetchen, who was in charge when plaintiff was injured. Olson testified that when he sold Webb products he sold them as Webb Oil Company; that all the money he got in he deposited to the Webb Oil Company's account and that it was company, not personal, business; that the gasoline and everything else was paid for out of that account, hence it is a fair inference that the La Crosse license applied for in the company's name was paid for from this account. Perhaps the most significant item of evidence which, taken with the rest, leads us to this conclusion is the method in which the accounts relative to the station were handled through the Winona office where they ran the gauntlet of Webb's auditors.

If, as suggested by the appellant, we were to assume that Wetchen was in sole control of the station for which he had negotiated with Webb's manager, and that he paid the rent to Webb and thereby became Webb's tenant, nevertheless Webb would be liable because the nuisance which caused the plaintiff's injury was upon the premises at the time that Wetchen leased them. Under those circumstances, the act of letting them out was authority from the lessor for the continuance of the nuisance. Isham v. Broderick, 89 Minn. 397, 95 N. W. 224.

■ Defendant contends that the court erred in admitting the Webb Oil Company's application to the La Crosse authorities for a license to operate the station. What has been said above shows the competency and relevancy of this evidence as well as the Webb Oil Company stamp used on sales slips at the station. They both characterized the manner of conducting the station.

■ Objection was also made to the admission of certain evidence in rebuttal. This was within the discretion of the trial court, which in this case was, we think, properly exercised.

■ We have examined the instructions to the jury to which defendant objects, and we find no error in the light of what we have previously said. Failure to instruct on the question of agency is met by the suggestion that no requests were formulated.

■ It is contended that the verdict for $5,500 is excessive, but scrutiny of the record does not disclose justification for a conten-

tion that it indicates passion or prejudice. So we do not disturb the trial court's action on this point.

■ The affidavits supporting the motion for a new trial on the ground of accident or surprise do not disclose facts which indicate an abuse of discretion in denying the motion on this ground.

Order affirmed.

